UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **G & G CLOSED CIRCUIT EVENTS LLC** | **CIVIL ACTION NO. 14-3206** |
| **VERSUS** | **JUDGE FOOTE** |
| **GOMEZ MEXICAN RESTAURANT LLC, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

### MEMORANDUM RULING

Before the Court is a Motion for Default Judgment, filed by the Plaintiff, G&G Closed Circuit Events, LLC ("G&G"). Record Document 18. G&G seeks a default judgment against Defendants Gomez Mexican Restaurant LLC ("Gomez LLC"), Brenda Gomez ("Brenda"), and Jose Gomez ("Jose"). The fourth Defendant in this matter, Leesa Gomez ("Leesa"), timely filed a hand-written answer pro se and thus G&G does not seek a default judgment against her. Record Document 12. For the reasons announced below, the Court grants the Plaintiff's motion.

**I.  Factual & Procedural Background**

G&G alleges that the Defendants intercepted and played a pay-per-view boxing match at Gomez Mexican Restaurant on November 10, 2012, without purchasing a license from G&G, the pay-per-view distributor of the match, in violation of 18 U.S.C. § 2511 and 47 U.S.C. §§ 553 and 605. According to the complaint, Gomez LLC operated and owned Gomez Mexican Restaurant at the time of the broadcast at issue. Record Document 1, pp. 3-4. The complaint also alleges that Brenda, Jose, and Leesa were the sole members of

Gomez LLC during the same relevant time period.  Record Document 1, p. 6.

Ten months after originally commencing this suit, G&G filed a Motion for Entry of Default against Brenda, Jose, and Gomez LLC because they had failed to file any responsive pleadings.  Record Document 16.  The Clerk accordingly filed an Entry of Default against Gomez Restaurant, Brenda, and Jose. Record Document 17. Following the 14-day delay required under local rules, G&G moved for default judgment against the unresponsive Defendants.  Record Document 18.

Thereafter, Brenda and Jose–appearing pro se–filed a document they entitled "Response to Motion," leading the Clerk's Office to label it as a response to G&G's motion for default judgment.  Record Document 20.  In a May 24, 2016 minute entry, the Court stated that a closer reading of Brenda and Jose's filing revealed that it was better construed as their answer to the complaint than as their response to G&G's motion for default judgment.  Record Document 21.  However, the Court advised Brenda and Jose that because they waited as long as they did to submit an answer, the Court would need to set aside the Entry of Default before they could file their answer.  The Court explained that to do this, they would need to file a Motion To Set Aside the Entry of Default.  The Court further enumerated the specific questions that Brenda and Jose would need to answer in their motion in order for the Court to consider whether they had shown cause for it to set aside the Entry of Default.

Brenda and Jose timely filed responses to the Court's May 24, 2016 Minute Entry. Record Documents 22 and 23.  Based on these responses, the Court cannot set aside the Entry of Default.  Despite the exact instructions from the Court in its May 24, 2016 Minute

Entry, the Defendants have not offered any relevant grounds for the Court to set aside the Entry of Default, including excusable neglect. In their responses, Brenda and Jose state that they lack the means to hire an attorney. Jose also alleges that his English is limited. While the Court is sympathetic to Brenda and Jose's plight, these excuses do not as a matter of law constitute excusable neglect because they do not explain why they did not file timely responses in proper person or, in the case of Jose, why he did not rely on Brenda (his wife) to assist him in his filing. Indeed, Jose was able to file a coherent response to the Court's May 24, 2016 Minute Entry in English. See Record Document 22. Accordingly, the Court will not set aside the Entry of Default. The issue before the Court now becomes whether G&G is entitled to default judgment.

**II.　Standard**

A default judgment involves three steps: (1) default, (2) entry of default, and (3) default judgment. N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (citing Fed. R. Civ. P. 55(a)). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." Id. (citations omitted).

By defaulting, a defendant admits to the plaintiff's well-pleaded allegations of fact, at least with respect to liability. Jackson v. FIE Corp., 302 F.3d 515, 524 (5th Cir. 2002) (citing Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Even though the facts are admitted, the Plaintiff still has the burden of showing

that they give rise to a viable cause of action. See Nishimatsu Constr., 515 F.2d at 1206. Thus, a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

To determine the amount of damages in a default judgment, a court may rely on "detailed affidavits and documentary evidence, supplemented by the district court Judge's personal knowledge of the record." James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993) (citation omitted). Although Rule 55(b) grants a court discretion to convene an evidentiary hearing on the issue of damages, Fed. R. Civ. P. 55(b)(2)(B), a hearing is not necessary where "the amount claimed is a liquidated sum or one capable of mathematical calculation," United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).

## III. Discussion

### A. Liability

#### i. *Liability under 47 U.S.C. § 553*

The Court first addresses whether G&G may assert claims against the Defendants under 47 U.S.C. § 553. G&G asserts claims in this matter under both 47 U.S.C. § 553 and § 605 but concedes in its complaint that "some federal courts have held that a successful plaintiff may only receive damages under one of those laws but not both." Record Document 1, p. 12. Indeed, depending on whether the communication that is intercepted is transmitted by wire, 47 U.S.C. § 553 and § 605 provide mutually exclusive causes of action. See J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C., 751 F.3d 346, 351 (5th Cir. 2014); J & J Sports Prods., Inc. v. Giuseppe's Bistro, LLC, No. CIV.A. 14-1326, 2015 WL 1540364, at *2 (E.D. La. Apr. 6, 2015) (citation omitted). Where the

communication is transmitted by wire, § 553 controls. Mandell, 751 F.3d at 351. Where the communication is transmitted wirelessly, which includes by satellite, § 605 controls. J&J Sports Prods., Inc v. Bandera Cowboy Bar LLC, No. 5:15-CV-352-DAE, 2016 WL 2349123, at *2. But a defendant cannot violate both § 553 and § 605 by a single act of interception. Giuseppe's Bistro, 2015 WL 1540364, at *2 (citation omitted). In the instant case, the preponderance of the evidence in the record demonstrates that the means of interception by Gomez LLC was by satellite.[1] Thus, the statute controlling G&G's claims is 47 U.S.C. § 605, not 47 U.S.C § 553.

    ii. *Liability under 47 U.S.C. § 605*

To prevail under 47 U.S.C. § 605 against Gomez LLC, G&G must show that (1) that the boxing match was shown in Gomez Mexican Restaurant, (2) that the boxing match was shown without authorization by G&G, and (3) that G&G was the exclusive licensee of the boxing match. See J & J Sports Productions, Inc. v. El 33, LLC, 2013 WL 164521, *3 (W.D. Tex. Jan. 14, 2013) (citations omitted). In this matter, the pleadings and evidence submitted in connection with the pending motion establish all three of these elements. Record Documents 1; 18-4; and 18-6. Gomez LLC is therefore liable under 47 U.S.C. § 605 for showing a pay-per-view boxing match without G&G's permission on November 10, 2012.

A defendant is also liable under § 605 if he assists in the interception of a communication made illegal by the statute. 47 U.S.C. § 605(a). The complaint alleges

---

[1] Leesa represents in her answer that the broadcast system was Direct TV and was installed by the Direct TV installer. Record Document 12.

that Jose and Brenda, as individuals, "wilfully directed" Gomez Restaurant's employees to intercept and broadcast the boxing match on November 10, 2012. Record Document 1, p. 7. Brenda and Jose are therefore also liable under 47 U.S.C. § 605 for showing a pay-per-view boxing match without G&Gs permission on November 10, 2012.[2]

      iii. *Liability under 18 U.S.C. § 2511*

Because the Court has found liability under § 605, it need not address G&G's claims under 18 U.S.C. § 2511. In its complaint, G&G notes that it "does not seek double damages" and that if the Court finds there was a violation under 47 U.S.C. § 553, 47 U.S.C. § 605, or 18 U.S.C. § 2511, then the Court can construe G&G as asserting its claims under these statutes in the alternative and therefore need not address all of them. Accordingly, having found in favor of G&G with respect to its claims under 47 U.S.C. § 605, the Court does not need to address whether there were any violations under 18 U.S.C. § 2511.

    B. <u>Damages and Attorney's Fees</u>

Section 605 provides for both actual and statutory damages. G&G seeks statutory damages as well as attorney's fees and costs. Section 605(e)(3)(C)(i)(II) provides in pertinent part: "the party aggrieved may recover an award of statutory damages for each

---

[2] Given the Court's finding that Brenda and Jose are individually liable under 47 U.S.C. § 605, the Court does not need to address whether they are vicariously liable as members of Gomez LLC. See G & G Closed Circuit Events LLC v. Rivals Sports Grill LLC, No. CIV.A. 6:12-3052, 2014 WL 198159, at *3 n.5 (W.D. La. Jan. 14, 2014) ("Because 47 U.S.C. § 605 expressly prohibits assisting third parties in intercepting or receiving unauthorized communications, there is 'no need to introduce concepts of vicarious liability into § 605 actions.'" (quoting ON/TV of Chicago v. Julien, 763 F.2d 839, 843 (7th Cir. 1985); Joe Hand Promotions, Inc. v. Chapa, 2009 WL 2215124, n.2 (S.D. Tex. July 22, 2009))).

violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . ." 47 U.S.C. § 605(e)(3)(C)(i)(II). Courts take one of two approaches in assessing damages under § 605(e)(3)(C)(i)(II). One approach awards damages based on the number of patrons in the establishment at the time of the violation, while the other awards a flat sum for damages. Joe Hand Promotions, Inc. v. Garcia, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). According to the affidavit of G&G's president, the sublicensing fee for the boxing match was based upon the capacity of the establishment. Record Document 18-6. According to the affidavit of G&G's investigator, the capacity of Gomez Mexican Restaurant was approximately 60 people. For an establishment with a capacity of 1-100 people, the commercial sublicense fee would have been $600.00. Record Document 18-6, p. 9. But G&G's investigator also attests that he only observed three patrons at the restaurant at the time of the broadcast. Record Document 18-4. Given the small number of patrons at Gomez Mexican Restaurant at the time of the illegal broadcast and the applicable sublicense fee of $600, the Court finds that $1,000.00 is an appropriate award of statutory damages for G&G.

Plaintiff additionally seeks enhanced damages pursuant to § 605(e)(C)(ii), which provides:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

47 U.S.C. § 605(e)(C)(ii). Based on the factual allegations contained in the pleadings in

this matter as well as the evidence submitted in connection with the pending motion, see Record Document 18-6 (affidavit of the president of G&G), the Court finds that Brenda Gomez, Jose Gomez, and Gomez Restaurant, willfully violated § 605 and did so for the purpose of commercial advantage. Therefore, the Court finds G&G is entitled to $300 in enhanced damages. The Court has selected this number as within its discretion, considering the few patrons at the restaurant at the time of broadcast and the lack of any allegation that the Defendants were repeat offenders.

Plaintiff seeks an award of attorney's fees in an unspecified amount. The Court declines to award attorney's fees because of insufficient support in the record, particularly as to the time involved in handling this matter. See Local Rule 54.2; see also G & G Closed Circuit Events LLC v. Rivals Sports Grill LLC, No. CIV.A. 6:12-3052, 2014 WL 198159, at *5 (W.D. La. Jan. 14, 2014).

### IV. Conclusion

For the reasons assigned above:

The Plaintiff's Motion for Default Judgment, Record Document 18, is hereby **GRANTED**. Plaintiff is awarded $1,000.00 as statutory damages pursuant to 47 U.S.C. § 605(e)(C)(i)(II), and $ 300.00 in enhanced damages pursuant to 47 U.S.C. § 605(e)(C)(II). Plaintiff is additionally awarded costs pursuant to 47 U.S.C. § 605(e)(B)(iii) and shall file a Memorandum of Costs in the form required by the Clerk of Court on or before **September 7, 2016**. A Partial Default Judgment consistent with this memorandum ruling shall issue herewith.

Leesa Gomez is not subject to this Memorandum Ruling and has indicated in her

answer that she was no longer the owner of the Restaurant at the time of the unauthorized broadcast of the boxing match.[3] Accordingly, **IT IS ORDERED** that by **September 16, 2016**, G&G must either contact the chambers of Magistrate Judge Hornsby to set a scheduling conference or dismiss its claims against Leesa Gomez. Failure to take one of those steps by September 16, 2016, may result in the Court dismissing G&G's claims against Leesa Gomez, without further notice, for failure to prosecute.

  **THUS DONE AND SIGNED** in Shreveport, Louisiana, this 26th day of August, 2016.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that because this is the only defense that Leesa has asserted, issuing partial summary judgment in this mater does not create the potential for inconsistent rulings. "If the possibility exits that entry of default judgment against one defendant risks inconsistency with a later judgment concerning the other defendants in the action, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants." Grimball v. New Orleans City, No. CIV.A. 10-3657, 2012 WL 3027921, at *2 (E.D. La. July 24, 2012) (citing Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 554 (1872)). Here, the only defense that Leesa has raised in this matter is that she was not a member of Gomez LLC on November 10, 2012. If Leesa were to prevail on this defense, it would not affect the liability of the other three Defendants or the damages assessed against them. If Leesa does not prevail on this defense, she will be cast in judgment in solido with the other three Defendants. Either way, Leesa's continued presence in this suit does not pose a threat of conflicting rulings from the Court. Partial default judgment against Gomez LLC, Jose, and Brenda is therefore appropriate.