UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **G & G CLOSED CIRCUIT EVENTS LLC** | **CIVIL ACTION NO. 14-3206** |
| **VERSUS** | **JUDGE FOOTE** |
| **GOMEZ MEXICAN RESTAURANT LLC, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

### MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment filed by Defendant, Leesa Gomez. Record Document 27. For the reasons announced below, Defendant's motion is **GRANTED**.

### I. Factual & Procedural Background

G&G Closed Circuit Events, LLC ("G&G"), brought this suit alleging that the Defendants intercepted and played a pay-per-view boxing match at Gomez Mexican Restaurant (the "Restaurant") on November 10, 2012, without purchasing a license from G&G, the pay-per-view distributor of the match, in violation of 28 U.S.C. § 2511 and 47 U.S.C. §§ 553 and 605. On August 26, 2016, this Court rendered a partial default judgment against Defendants Gomez Mexican Restaurant LLC, Brenda R. Gomez, and Jose T. Gomez. Record Document 24. The fourth Defendant in this matter, Leesa Gomez ("Gomez"), was not included in the judgment because she timely filed an answer. Record Document 12.

Now before the Court is Gomez's Motion for Summary Judgment, filed November

23, 2016. Record Document 27. In her motion, Gomez alleges that she was no longer an owner of the Restaurant at the time the boxing match was shown and should not be held responsible for the behavior alleged in the complaint. G&G has not opposed the motion and there has been no activity in the case since the filing of Gomez's motion.

## II. Law & Analysis

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). If a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e).

This Court previously found that the statute controlling G&G's claims is 47 U.S.C. § 605, not 47 U.S.C. § 553. Record Document 25, p. 5. To prevail under 47 U.S.C. § 605, G&G must show that (1) the boxing match was shown in Defendant's Establishment, (2) the boxing match was shown without authorization by G&G, and (3) G&G was the exclusive licensee of the boxing match. See J & J Sports Productions, Inc. v. El 33, LLC, 2013 WL 164521, *3 (W.D. Tex. Jan. 14, 2013). In her motion, Gomez explains that she was not an owner of the Restaurant on November 10, 2012. Because G&G has failed to address this assertion, the Court will consider this fact undisputed. Accordingly, because Gomez was not an owner of the establishment, G&G cannot meet an essential element of its claim,

and thus summary judgment is appropriate. See Celotex, 477 U.S. at 323.

### III. Conclusion

For the reasons assigned above:

The Motion for Summary Judgment, Record Document 27, is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___ day of March, 2017.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE